IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LANEA KOLLENBURN;<br>CALEB KOLLENBRUN,<br><br>              Plaintiffs,<br><br>     v.<br><br>COUNTY OF CLACKAMAS;<br>CLACKAMAS BOARD OF<br>COUNTY COMMISSIONERS,<br><br>              Defendants. | Civ. No. 3:21-cv-00049-HZ<br><br>**OPINION & ORDER** |

HERNANDEZ, Chief Judge

This matter comes before the Court on a Second Motion for Preliminary Injunction filed by Plaintiffs Lanea Kollenburn and Caleb Kollenburn. ECF No. 39. The Court has determined that this motion is appropriate for resolution without further briefing or oral argument. For the reasons set forth below, the Motion is DENIED.

## LEGAL STANDARD

### I.     Preliminary Injunction

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## II.     Stay Pending Appeal

The Court has discretion to grant or deny a stay of a matter pending appeal. *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) ("A stay is not a matter of right, even if irreparable injury might otherwise result . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."). "The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec. of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc).

Courts consider four factors in assessing the propriety of a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014). "The party seeking a stay—or continuation of a stay—bears the burden of showing his entitlement to a stay." *Id.* While the first two factors

are the most important, courts in the Ninth Circuit generally apply these factors in a sliding scale balancing test. *See Lelva-Perez v. Holder*, 640 F.3d 962, 965-66 (9th Cir. 2011).

## DISCUSSION

The Court denied the Kollenburns' first Motion for Preliminary Injunction in an Opinion and Order ("O&O") issued on February 24, 2021. ECF No. 30. The facts of this case were set forth in detail in the O&O and will not be reproduced here. O&O, at 2-5. The Court found that the Kollenburns had made a sufficient showing of imminent and irreparable harm but had failed to carry their burden of persuasion as to the other three *Winter* factors. O&O, at 6, 14-15.

On February 27, 2021, the Kollenburns filed a Notice of Appeal. ECF No. 32. The Kollenburns also filed an emergency motion seeking a stay of Lladk's euthanasia with the Ninth Circuit. Dkt. Nos. 3, 4 in *Kollenburn et al. v. County of Clackamas et al.*, Ninth Circuit Case No. 21-35157. On March 10, 2021, the Ninth Circuit denied the Kollenburns' emergency motion to stay. ECF No. 37. The substance of the Kollenburns' appeal remains pending before the Ninth Circuit.

On March 15, 2021, the Kollenburns filed their Second Motion for Preliminary Injunction. ECF No. 39. The Kollenburns request expedited consideration of their motion and an extension of the stay pending appeal.

### I.      Preliminary Injunction Pending Appeal

Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Although a notice of appeal will ordinarily divest a district court of jurisdiction over the matters

being appealed, the district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "The same standards govern motions for preliminary injunctions and motions for injunctions pending appeal." *Bark v. United States Forest Serv.*, No. 3:18-cv-01645-MO, 2019 WL 2344771, at *1 (D. Or. June 3, 2019).

The substance of the Kollenburns' Second Motion is essentially a request for reconsideration, arguing that the Court erred in denying the original preliminary injunction motion. As noted, the Kollenburns' appeal of the O&O remains pending before the Ninth Circuit. Nevertheless, the Court has considered the Kollenburns' arguments and finds no cause to depart from its prior conclusions.

The Kollenburns attempt to distinguish their Second Motion on the basis that it seeks to have Lladk delivered to the care of a rescue society, rather than being returned to their possession. This possibility was raised by the Kollenburns in their original motion and briefly discussed in the O&O. O&O, at 14. In assessing the Kollenburns' Second Motion, the Court finds that the proposed placement of Lladk at a rescue society does not alter the Court's analysis as set forth in the O&O, nor does it lead to a different conclusion.

As before, the Court accepts that the Kollenburns have made a sufficient showing of imminent and irreparable harm but finds that the Kollenburns have failed to carry their burden of persuasion as to the remaining *Winter* factors—the balance of equities, the public interest, and serious questions going to the merits of the claims—for the same reasons set forth in the Court's prior Opinion and Order denying the first motion for preliminary injunction. The Second Motion for Preliminary Injunction is therefore DENIED.

## II.  Motion for Stay Pending Appeal

The Kollenburns request that the dissolution of the injunction be stayed pending appeal. As previously noted, the standard for evaluating a request for stay pending appeal is similar to the standard for deciding a motion for preliminary injunction. *Feldman*, 843 F.3d at 367.

First, on the "likelihood of success on the merits," a plaintiff "must show, at a minimum, that she has a substantial case for relief on the merits." *Lelva-Perez*, 640 F.3d at 968. This does not require a petitioner to show that it "is more likely than not that they will win on the merits," but only that success is a "reasonable probability," or a "fair prospect," or that "serious legal questions are raised." *Id.* at 967-68. In this case, for the reasons discussed at length in the O&O, the Kollenburns have not shown a reasonable probability or fair prospect of success on the merits or that serious legal questions have been raised. The arguments presented in the Second Motion for Preliminary Injunction do not alter this analysis. The first factor therefore weighs heavily against granting the requested stay.

Once again, the Court accepts that the Kollenburns have made a sufficient showing that they will be irreparably injured in the absence of relief. *See, e.g.,* Third Kollenburn Decl. ECF No. 40.

Although the County would be obliged to continue housing and carrying for Lladk during the appeal, this is at least somewhat offset by the requirement that the Kollenburns post a bond for the costs of Lladk's care. The Court concludes that the broader public interest does not weigh strongly for or against the requested stay.

In sum, the Court concludes that the combination of the remaining three factors cannot overcome the weakness of the Kollenburns' showing on the likelihood of success on the merits.

The Court also notes that the Ninth Circuit has already denied the Kollenburns' request for a stay pending appeal. ECF No. 37.

The Court exercises its discretion and DENIES the Kollenburns' request for a stay pending appeal.

## CONCLUSION

Plaintiffs' Second Motion for Preliminary Injunction, and the associated request to stay the case pending appeal, ECF No. 39, are DENIED. The TRO will expire on its own terms on March 27, 2021, ECF No. 34, and this Court will not consider any further requests for extension.

It is so ORDERED and DATED this   16   day of March 2021.

*Marco Hernandez*

Marco A. Hernandez
Chief U.S. District Judge